THE NEWPORT.

HATCH *et al. v.* THE NEWPORT.

(*Circuit Court, S. D. New York.* April 9, 1889.)

ADMIRALTY—PRACTICE.
> On a libel for damages from a collision, the case will not be reopened to examine a witness whose statements in an affidavit used on the motion in relation to the character of the blow and its effect on libelant's vessel are in direct contradiction of statements made by him in a former affidavit.

In Admiralty. On motion to reopen case. 36 Fed. Rep. 910.

*George A. Black*, for libelants.
*Goodrich, Deady & Goodrich*, for claimant.

LACOMBE, J. This is a motion to reopen the case after decision, in order to examine Leonard S. Holmes, formerly second officer of the Newport. It is, of course, contended that the evidence he might give would tend to vary the complexion of the cause, or to produce a different result. For such purpose only are such motions entertained. In order to show what testimony the proposed witness was expected to give, an affidavit made by him March 16, 1889, is submitted. Several affidavits are presented in reply, but most of the averments contained in them may be disregarded. Upon the sworn statement of Mr. Deady, and on Holmes' own admission, contained in the affidavit which he made upon the argument, I have no manner of doubt that the latter did on April 26, 1884, make the affidavit presented by the claimant. Beyond these two affidavits of the proposed witness we need not look.

*"Affidavit of March 16, 1889.*

"I * * * saw the two vessels coming together. * * * The steamer [struck] the * * * schooner right forward of her main hatch. * * * I heard the sound of breaking wood. * * * I saw the flash of a fire, and the smoke coming from the funnel of the schooner's cabin stove, * * * which I judge was knocked over by the shock of the collision. * * * I could see and hear her crew shouting out, and heard some one say "What in hell is all this?" and other confused sounds. * * * By the time the steamer got a length and a half away I saw the schooner suddenly fall over on her side, towards the steamer, flat in the water, with her sails showing white against the blackness of the water, and then suddenly disappear; and, as she went down in a moment, I knew she was a deep-loaded schooner."

*"Affidavit of April 26, 1884.*

"The Newport slid along the side of the schooner; there was no blow, no concussion nor jar. The starboard bow of the Newport slid along the starboard quarter of the schooner, heaving her stern up to the wind, and the schooner slid along by the Newport, and the schooner was seen for half or three-quarters of a mile afterwards. She did not appear to be seriously injured. Not a word was said by anybody aboard the schooner, —no hail; and nothing could be seen by which the vessel's name could have been ascertained."

It cannot be seriously contended that evidence such as this, if given by the proposed witness, would have any tendency to vary the complexion of the cause, or to change the result. Whatever further testimony might be given as to the details of the collision by a witness who has already sworn to diametrically opposite statements as to facts so essential as the character of the blow, and its effect upon the schooner, would be entitled to no consideration. The motion is denied. The counter-motion made by the claimants to modify the order extending the time to prepare and serve bill of exceptions is also denied.